IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JEREMIAH SHANE JERNIGAN, #92651   *

    Plaintiff,   *

    v.   *   2:09-CV-552-ID
        (WO)

MONTGOMERY, COUNTY, *et al.*,   *

    Defendants.   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Jeremiah Jernigan, is incarcerated in the Montgomery County Detention Facility. He files this *pro se* 42 U.S.C. § 1983 action against Montgomery County, Alabama and the Montgomery County Detention Facility. Plaintiff contends that in December 2008 he requested a bond reduction and a preliminary hearing but to date has not received either one. Plaintiff also contends that appointed counsel will not meet with him. As relief, Plaintiff seeks to have the charges against him reduced. (*Doc. No. 1*) Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

### A. The Montgomery County Detention Facility

The Montgomery County Detention Facility is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Consequently, Plaintiff's claims against this defendant are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Montgomery County, Alabama

Plaintiff's claims against Montgomery County are due to be dismissed as frivolous. Section 1983 imposes liability on a municipality, such as Montgomery County, only if it deprives a plaintiff of rights protected by the Constitution or federal law pursuant to an official municipal policy. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). Additionally, governmental entities, such as Montgomery County, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior. See Id.* at 694; *Canton v. Harris,* 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983." (emphasis in original)). .

In this case, Plaintiff does not sue Montgomery County for any policy, practice or custom that violated his civil rights nor can the County be liable under § 1983 simply because it employs a tortfeasor. *See Monell*, *supra*. Consequently, Plaintiff's claims against Montgomery County are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

**C.  The Bond Reduction Claim**

Plaintiff complains that he had not received a bond reduction.  Plaintiff, however, cannot sustain a claim for failure to provide reasonable bond against the named defendants. Pursuant to the relevant Alabama Rules of Criminal Procedure, judges and magistrates of the state courts are responsible for and have authority to set and reduce bond/bail. *See* Ala.R.Crim.P., Rule 7.2.  Because the named defendants have no authority to set or reduce bond, Plaintiff has failed to state a viable § 1983 claim against them for an alleged violation of the right to reasonable bail.  This claim, therefore, is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

**D.  The Preliminary Hearing Claim**

There is no federal requirement that States afford preliminary hearings to persons accused of state criminal offenses.  Furthermore, if the omissions about which Plaintiff complains were found to violate his federal rights, it is clear that his claims concern criminal charges which are currently pending before the state courts of Montgomery County, Alabama and, thus, not currently appropriate for consideration by this court.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Id*. at 43.

In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Plaintiff must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. The court must, therefore, abstain from considering the merits of any challenge Plaintiff makes to his confinement. In light of the foregoing, dismissal of this claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be dismissed with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

It is further

ORDERED that on or before **July 8, 2009** the parties are DIRECTED to file any objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 25th day of June 2009.

>/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE